Erin P. Moriarty (SBN 146751)
**LAW OFFICES OF WENETA M.A. KOSMALA**
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone:     (714) 540-3600
Facsimile:     (714) 509-1760
E-mail:        emoriarty@kosmalalaw.com

General Counsel for
Weneta M.A. Kosmala, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-10566-ES |
| **EUGENE MARTIN HUAPAYA,** | Chapter 7 |
| Debtor(s). | **NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING TURNOVER OF REAL PROPERTY OF THE ESTATE, REQUIRING VACATING OF PREMISES, AND ALLOWING TRUSTEE TO EXERCISE ALL LEGAL REMEDIES TO OBTAIN POSSESSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA AND DEBORAH PRIEBE IN SUPPORT THEREOF** |
| | Date:   November 8, 2018<br>Time:   10:30 a.m.<br>Ctrm:   5A |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR AND HIS ATTORNEY OF RECORD; ALL OTHERS OCCUPYING AND/OR IN POSSESSION OF REAL PROPERTY LOCATED AT 10522 BRIER LANE, SANTA ANA, CALIFORNIA 92705; AND ALL INTERESTED PARTIES:**

*///*

**PLEASE TAKE NOTICE** that on November 8, 2018 at 10:30 a.m. in Courtroom 5A of the above-captioned Court, located at 411 W. Fourth Street, Santa Ana, California, Weneta M.A. Kosmala ("Trustee"), Chapter 7 trustee of the bankruptcy estate of Eugene Martin Huapaya ("Debtor"), will and hereby does move the Court for an Order:

1.　　Granting Trustee possession of residential real property of the Estate located at 10522 Brier Lane, Santa Ana, CA 92705 ("Property"). Trustee is informed and believes that the Debtor is the only occupant of the Property.

2.　　Determining that the Debtor and any other occupants are not entitled to possession of the Property.

3.　　Compelling the immediate turnover of the Property to Trustee by the Debtor and all other occupants.

4.　　Requiring that the Debtor and all other occupants vacate and surrender the Property to Trustee immediately.

5.　　Directing that, upon Trustee's request, any appropriate enforcement authority (including the United States Marshal or the Orange County Sheriff's Department) may take all necessary steps to evict the Debtor and all other occupants from the Property, and may assist in recovering possession of the Property for Trustee.

6.　　Enjoining the Debtor and all other occupants from damaging the Property in any way, or removing any non-exempt items of personal property of the Estate, including fixtures.

This Motion is made on the grounds that the Property is property of the Estate (11 U.S.C. § 541(a)) which Trustee may sell for the benefit of the Estate (11 U.S.C. § 363(b)(1)); Trustee is entitled to turnover and possession of the Property (11 U.S.C. § 542(a)); and therefore Trustee is entitled to an Order requiring that the Debtor and all other occupants vacate and surrender the Property to Trustee, and allowing Trustee to employ all legal remedies to obtain possession (11 U.S.C. § 105(a)).

///

1        This Motion is based upon this Notice of Motion and Motion, the incorporated

2  Memorandum of Points and Authorities, the Declaration of Weneta M.A. Kosmala, and upon

3  such other and further evidence as the Court may admit in connection with the hearing of this

4  matter.

5       **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires

6  that each party interested in opposing, joining or responding to this Motion file a formal response

7  not later than fourteen (14) days before the hearing.  Under Local Bankruptcy Rule 9013-1(h),

8  papers not timely filed and served may be deemed by the Court to be consent to the granting of

9  the relief requested in this Motion.

10

11                     **LAW OFFICES OF WENETA M.A. KOSMALA**

12

13  Date:  October 4, 2018          /s/ Erin P. Moriarty
                               Erin P. Moriarty

14                              Attorneys for Chapter 7 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS.**

1.    Eugene Martin Huapaya ("Debtor") initiated the captioned case by the filing of a Voluntary Petition on February 21, 2018.  Weneta M.A. Kosmala ("Trustee") is the duly appointed and acting Chapter 7 trustee of the resulting bankruptcy estate ("Estate").

2.    In recognition of a Chapter 7 discharge received by the Debtor in a prior 2015 bankruptcy case, the Debtor has entered into a Stipulation with the Office of the United States Trustee agreeing that he is not entitled to a discharge in this case.  The Court approved the Stipulation by Order entered March 5, 2018 (Docket No. 12).

3.    True and correct copies of the Debtor's schedules and Statement of Financial Affairs are attached collectively as Exhibit "A" to the Declaration of Weneta M.A. Kosmala. Those documents show the following:

    a.    On Schedule A/B, the Debtor scheduled his interest in real property located at 10522 Brier Lane, Santa Ana, CA  92705 ("Property"), which is his residence.  The Debtor scheduled the value of the Property as $2,050,000.  The Debtor has testified that he is the only occupant of the Property.

    b.    On Schedule D, the Debtor scheduled two liens in the total amount of $1,334,576 against the Property.

    c.    The Debtor claimed an exemption in the Property under Cal.Civ.Proc.Code § 704.730 in the amount of $175,000.

4.    During his Trustee Meeting under 11 U.S.C. § 341(a), the Debtor acknowledged that he was delinquent on his mortgage obligations by several months at the time of his bankruptcy filing.

5.    Trustee has consulted with a real estate agent, who has advised that the Debtor's valuation of the Property is unrealistic, and that the Property would likely not sell for more than $1,400,000 in the current market.

///

6.      Trustee has also obtained current mortgage balance information.  The total of all liens and projected costs of sale (approximately 7%) exceeds $1,400,000.  Thus, the Property is "underwater", with no equity for the Debtor's exemption claim to attach to, much less any "net" equity for the Estate.

7.      Although the Debtor indicated on his Statement of Intention that he intended to retain the Property, Trustee, through counsel, was contacted by the Debtor's counsel, who conveyed the Debtor's interest in conducting a "short sale" of the Property.

8.      After some time of attempting to negotiate with the holder of the senior liens, the Debtor's counsel advised Trustee's counsel that he was not able to obtain the agreement of the Debtor's institutional lender to a short sale, and that the Debtor was resigned to being unable to retain the Property.

9.      Trustee communicated with her own agent, a short sale expert, who indicated that through her contacts, she *would* be able to obtain short sale authority.  The short sale expert would obtain the necessary approvals of all lienholders to accept a proposed sale price, net of costs of sale (including commissions), and to release their liens.  Although there is no equity at the bottom of the sale calculation, the terms of sale would include the payment of a "buyer's premium" on top of the sale price, which would serve as a "Trustee Release Fee".  The Trustee Release Fee, calculated as a percentage of the actual sale price, would be approximately $67,750 on a $1,400,000 sale.  This would create a benefit for the Estate, notwithstanding the lack of equity in the Property.

10.     Trustee filed an employment application for the short sale expert, Deborah Priebe of the Dyson Companies, on August 23, 2018 (Docket No. 35).  There has been no opposition to the application, and an Order is being lodged.

11.     Trustee, through counsel, communicated with the Debtor's counsel, who indicated the Debtor's willingness to cooperate in the proposed sale.  Trustee put the Debtor directly in touch with her agent, and initially the Debtor cooperated in making the Property available for inspection and for marketing.

///

12.     Shortly thereafter, disturbing problems began to arise in the relationship.  The Debtor advised the agent, through her associates, that his counsel had told him that he would receive funds out of the short sale of the Property.  Not only have the agents communicated to him that this is not the case, but Trustee's counsel has communicated with the Debtor's counsel, who has advised that he has *not* made any such representation to the Debtor.

13.     Further, the Debtor has interfered with the marketing of the Property by stating to prospective buyers certain terms of the sale that are simply not true, but which may be suppressing interest in the Property.  Trustee's agents attempted to curb the problem by advising the Debtor that he may not be present when the Property is being shown, but he has persisted in communicating with prospective bidders during showings.

14.     The Debtor has also indicated to the agent's associates that he intends to sell a portion of the Property himself, and to retain the proceeds, simply "not telling anyone" about the sale.  His intent is defeated by his own disclosure of his plan to Trustee's agents, but in any case, the parcel he refers to is a part of the Property, under the same APN, is encumbered by the liens attaching to the entirety of the Property, and is property of the Estate.  Although he has been advised of these facts, he persists in representing that he intends to sell a portion of the Property.

15.     Finally, the Debtor has now shut down his cooperation, and will not allow Trustee's agents access to the Property.  The Debtor has refused to sign an agreement which provides for the terms of his occupancy during marketing, and for his vacating of the Property once an offer is received.  Trustee now has no access to the Property.

16.     The Debtor has no realizable monetary stake in the Property due to the lack of equity.  He has already taken a stab at conducting a short sale of his own, and has been unsuccessful.  Trustee has an opportunity to create value for the Estate, without impairing any legally cognizable interest of the Debtor in the Property.  If Trustee is not able to sell the Property upon the foregoing terms, it is likely that the Property will be foreclosed – and *no one* will receive *anything* from it, other than the foreclosing lender.

*///*

## II.    TRUSTEE IS ENTITLED TO POSSESSION OF THE PROPERTY.

The Property is clearly property of the Estate.  11 U.S.C. § 541(a)(1).  Trustee may sell property of the Estate outside of the ordinary course of business under 11 U.S.C. § 363(b).  Any party in possession of property which Trustee may sell "shall deliver to the trustee, and account for, such property…."  11 U.S.C. § 542(a).

Although generally trustees are prohibited from selling overencumbered property, creative agreements which result in a benefit for unsecured creditors of the estate are permissible.  *See i.e.* In re KVN Corp., Inc., 514 B.R. 1, 6-7 (9th Cir. BAP 2014) ["Despite the general rule prohibiting the sale of fully encumbered property, chapter 7 trustees may seek to justify the sale through a negotiated carve-out agreement with the secured creditor."].

The value created by a trustee for the estate in the overencumbered property is not subject to a debtor's homestead exemption.  In re Bunn-Rodemann, 491 B.R. 132, 136 (Bankr. E.D. Cal. 2013) ["The Debtor does not have, and cannot claim an exemption in, the rights and powers of the Chapter 7 Trustee to sell property of the estate and for the estate to receive 'incentive payments' for the efforts of the estate's representatives (Chapter 7 Trustee and estate employed real estate broker) in selling such Property.  The creditor is free to pay a portion of the encumbered sales proceeds to whomever it chooses for conducting a short-sale."]; In re Baldridge, 553 Fed.Appx. 598, 599 (6th Cir. 2014) [1] [exemption claim under 11 U.S.C. § 522(d)(1) in "carve out" payment retained by trustee after sale of overencumbered property disallowed; "[t]he district court correctly held that the $28,000 'carve out' itself, recovered by the Trustee upon closing the sale of debtors' property, was not part of the estate that could be subject to debtors' exemptions at the time the bankruptcy case was commenced."]  Judge Clarkson of the Central District of California held to the contrary in In re Wilson, 494 B.R. 502 (Bankr. C.D. Cal. 2013).  That opinion is not binding in this case, and in any case, is distinguishable factually, in that the estate's interest was generated out of the proceeds of the

---

[1] Although this decision was not selected for publication and is therefore treated as "unpublished", under Fed.R.App.Proc. 32.1, citation is not prohibited.  In accordance with Local Bankruptcy Rule 9013-2(b)(4), a copy of the opinion is attached as Exhibit "B" to the Declaration of Weneta M.A. Kosmala.

debtor's residence, through a carve-out agreement with the lender.  In this case, the value takes the form of a "buyer's premium", to be paid by the buyer directly to Trustee for Trustee's accommodation in the sale.  The premium is not a part of the equity in the Property itself, did not exist on the day of filing, and is a result of Trustee's efforts in administering the Property.

## III.    CONCLUSION.

Since the Property is property that Trustee can sell for the benefit of unsecured creditors, and the Debtor has no interest in the value to be generated for the Estate, the Debtor and any other occupants must turn over the Property to Trustee, and must cooperate in Trustee's efforts to administer the properties.  11 U.S.C. § 541(4); § 542(a).  This Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).  Therefore, Trustee is entitled to an Order:

1.    Granting Trustee possession of the Property.

2.    Determining that the Debtor and any other occupants are not entitled to possession of the Property.

3.    Compelling the immediate turnover of the Property to Trustee by the Debtor and all other occupants.

4.    Requiring that the Debtor and all other occupants vacate and surrender the Property to Trustee immediately.

5.    Directing that, upon Trustee's request, any appropriate enforcement authority (including the United States Marshal or the Orange County Sheriff's Department) may take all necessary steps to evict the Debtor and all other occupants from the Property, and may assist in recovering possession of the Property for Trustee.

///

6.      Enjoining the Debtor and all other occupants from damaging the Property in any way, or removing any non-exempt items of personal property of the Estate, including fixtures.

Respectfully submitted,

**LAW OFFICES OF WENETA M.A. KOSMALA**

Dated:  October 4, 2018          /s/ Erin P. Moriarty
                                 Erin P. Moriarty
                                 Attorneys for Weneta M.A. Kosmala,
                                 Chapter 7 Trustee

### DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare:

1.      I am the duly appointed and acting Chapter 7 trustee of the bankruptcy estate ("Estate") of Eugene Martin Huapaya ("Debtor").  I make this declaration based upon facts that are within my personal knowledge, have been gathered in the course of my service in this case, or are matters of public record.  If called upon to testify thereto, I could and would competently so testify.

2.      The Debtor initiated the captioned case by the filing of a Voluntary Petition on February 21, 2018.

3.      In recognition of a Chapter 7 discharge received by the Debtor in a prior 2015 bankruptcy case, the Debtor has entered into a Stipulation with the Office of the United States Trustee agreeing that he is not entitled to a discharge in this case.  The Court approved the Stipulation by Order entered March 5, 2018 (Docket No. 12).

4.      True and correct copies of the Debtor's schedules and Statement of Financial Affairs are attached hereto and incorporated herein by this reference collectively as Exhibit "A".  Those documents show the following:

      a.      On Schedule A/B, the Debtor scheduled his interest in real property located at 10522 Brier Lane, Santa Ana, CA  92705 ("Property"), which is his residence.  The Debtor scheduled the value of the Property as $2,050,000.  The Debtor has testified that he is the only occupant of the Property.

      b.      On Schedule D, the Debtor scheduled two liens in the total amount of $1,334,576 against the Property.

      c.      The Debtor claimed an exemption in the Property under Cal.Civ.Proc.Code § 704.730 in the amount of $175,000.

5.      During his Trustee Meeting under 11 U.S.C. § 341(a), the Debtor acknowledged that he was delinquent on his mortgage obligations by several months at the time of his bankruptcy filing.

///

6.      I have consulted with a real estate agent, who has advised that the Debtor's valuation of the Property is unrealistic, and that the Property would likely not sell for more than $1,400,000 in the current market.

7.      I have also obtained current mortgage balance information.  The total of all liens and projected costs of sale (approximately 7%) exceeds $1,400,000.  Thus, the Property is "underwater", with no equity for the Debtor's exemption claim to attach to, much less any "net" equity for the Estate.

8.      Although the Debtor indicated on his Statement of Intention that he intended to retain the Property, my counsel was contacted by the Debtor's counsel, who conveyed the Debtor's interest in conducting a "short sale" of the Property.

9.      After some time of attempting to negotiate with the holder of the senior liens, the Debtor's counsel advised my counsel that he was not able to obtain the agreement of the Debtor's institutional lender to a short sale, and that the Debtor was resigned to being unable to retain the Property.

10.     I communicated with my own agent, a short sale expert, who indicated that through her contacts, she *would* be able to obtain short sale authority.  The short sale expert would obtain the necessary approvals of all lienholders to accept a proposed sale price, net of costs of sale (including commissions), and to release their liens.  Although there is no equity at the bottom of the sale calculation, the terms of sale would include the payment of a "buyer's premium" on top of the sale price, which would serve as a "Trustee Release Fee".  The Trustee Release Fee, calculated as a percentage of the actual sale price, would be approximately $67,750 on a $1,400,000 sale.  This would create a benefit for the Estate, notwithstanding the lack of equity in the Property.

11.     I filed an employment application for the short sale expert, Deborah Priebe of the Dyson Companies, on August 23, 2018 (Docket No. 35).  There has been no opposition to the application, and an Order is being lodged.

12.     Through counsel, I communicated with the Debtor's counsel, who indicated the Debtor's willingness to cooperate in the proposed sale.  I put the Debtor directly in touch with

my agent, and initially the Debtor cooperated in making the Property available for inspection and

for marketing.

13.    Shortly thereafter, disturbing problems began to arise in the relationship.  The

Debtor advised the agent, through her associates, that his counsel had told him that he would

receive funds out of the short sale of the Property.  Not only have the agents communicated to

him that this is not the case, but my counsel has communicated with the Debtor's counsel, who

has advised that he has *not* made any such representation to the Debtor.

14.    Further, the Debtor has interfered with the marketing of the Property by stating to

prospective buyers certain terms of the sale that are simply not true, but which may be

suppressing interest in the Property.  My agents attempted to curb the problem by advising the

Debtor that he may not be present when the Property is being shown, but he has persisted in

communicating with prospective bidders during showings.

15.    The Debtor has also indicated to the agent's associates that he intends to sell a

portion of the Property himself, and to retain the proceeds, simply "not telling anyone" about the

sale.  His intent is defeated by his own disclosure of his plan to my agents, but in any case, the

parcel he refers to is a part of the Property, under the same APN, is encumbered by the liens

attaching to the entirety of the Property, and is property of the Estate.  Although he has been

advised of these facts, he persists in representing that he intends to sell a portion of the Property.

16.    Finally, the Debtor has now shut down his cooperation, and will not allow my

agents access to the Property.  The Debtor has refused to sign an agreement which provides for

the terms of his occupancy during marketing, and for his vacating of the Property once an offer is

received.  I now have no access to the Property.

17.    The Debtor has no realizable monetary stake in the Property due to the lack of

equity.  He has already taken a stab at conducting a short sale of his own, and has been

unsuccessful.  I have an opportunity to create value for the Estate, without impairing any legally

cognizable interest of the Debtor in the Property.  If I am not able to sell the Property upon the

foregoing terms, it is likely that the Property will be foreclosed – and *no one* will receive

*anything* from it, other than the foreclosing lender.

1     I declare under oath and under penalty of perjury under the laws of the United States of

2   America that the foregoing is true and correct to the best of my knowledge, information and

3   belief.

4

5     Executed on October 4, 2018 at Santa Ana, California.

6

7

8             Weneta M.A. Kosmala

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "A"**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:18-bk-10566 ES** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

**Part 1:    Summarize Your Assets**

|  |  | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B................................................. | $    2,053,000.00 |
|  | 1b. Copy line 62, Total personal property, from Schedule A/B...................................... | $    79,678.00 |
|  | 1c. Copy line 63, Total of all property on Schedule A/B................................................ | $    2,132,678.00 |

**Part 2:    Summarize Your Liabilities**

|  |  | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    1,356,211.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $    22,506.00 |
|  | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $    59,623.00 |
|  | **Your total liabilities** | $    1,438,340.00 |

**Part 3:    Summarize Your Income and Expenses**

| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................................................... | $    2,650.60 |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*......................................................... | $    13,370.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐   No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■   Yes

7.  **What kind of debt do you have?**

■   **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐   **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Debtor 1    **Eugene Martin Huapaya**                                      Case number *(if known)*    **8:18-bk-10566 ES**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                                  $ _____724.00_

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 22,506.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 41,463.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 63,969.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Eugene Martin Huapaya | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    8:18-bk-10566 ES

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

| 1.1 | | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| **10522 Brier Lane** | | ■ Single-family home | |
| Street address, if available, or other description | | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | | ☐ Manufactured or mobile home | |
| **Santa Ana**    **CA**    **92705-1506** | | ☐ Land | |

| | | **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|---|---|
| City    State    ZIP Code | ☐ Investment property | $2,050,000.00 | $2,050,000.00 |
| | ☐ Timeshare | | |
| | ☐ Other _____ | **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** |

**Who has an interest in the property?** Check one

■ Debtor 1 only

**Orange**

County

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only    ☐ Check if this is community property

☐ At least one of the debtors and another    (see instructions)

Other information you wish to add about this item, such as local property identification number:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Exhibit A Page 16

Debtor 1    **Eugene Martin Huapaya**                                                   Case number *(if known)*    **8:18-bk-10566 ES**

| 1.2 | **If you own or have more than one, list here:** | |
|---|---|---|

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

Street address, if available, or other description

_____

_____

City        State        ZIP Code

_____

County

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **$3,000.00**

**Current value of the portion you own?**    **$3,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Timeshare**

| 2. | Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................................=> | **$2,053,000.00** |
|---|---|---|

**Part 2:   Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | **Nissan** |
|---|---|---|
| | Model: | **Altima** |
| | Year: | **2014** |
| | Approximate mileage: | **35000** |
| | Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **$21,000.00**

**Current value of the portion you own?**    **$21,000.00**

| 3.2 | Make: | **Hyundai** |
|---|---|---|
| | Model: | **Genesis 80** |
| | Year: | **2017** |
| | Approximate mileage: | **12000** |
| | Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **$39,888.00**

**Current value of the portion you own?**    **$39,888.00**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

Debtor 1    **Eugene Martin Huapaya**                                    Case number *(if known)*    **8:18-bk-10566 ES**

---

5    Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
     pages you have attached for Part 2. Write that number here........................................................=>    | **$60,888.00** |

---

**Part 3:    Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes.  Describe.....

| Household Goods & Furnishings | $10,000.00 |
|---|---|

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
    ■ No
    ☐ Yes.  Describe.....

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
    other collections, memorabilia, collectibles
    ☐ No
    ■ Yes.  Describe.....

| Books Records & Pictures | $500.00 |
|---|---|

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
    musical instruments
    ■ No
    ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| Wearing Apparel | $2,000.00 |
|---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes.  Describe.....

| Jewelry | $3,000.00 |
|---|---|

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

---

Debtor 1    **Eugene Martin Huapaya**                                           Case number *(if known)*    **8:18-bk-10566 ES**

14. **Any other personal and household items you did not already list, including any health aids you did not list**
- ☑ No
- ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| | **$15,500.00** |
| --- | --- |

| **Part 4:** | Describe Your Financial Assets |
| --- | --- |

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
| --- | --- |

16. **Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
- ☐ No
- ☑ Yes..........................................................................................................

| | | **Cash on Hand** | $120.00 |
| --- | --- | --- | --- |

17. **Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
- ☐ No
- ☑ Yes.......................                    Institution name:

| 17.1. | **Bank of the West checking & Savings** | $3,000.00 |
| --- | --- | --- |
| 17.2. | **Bank of West** | $170.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
- ☑ No
- ☐ Yes..................                    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
- ☐ No
- ☑ Yes. Give specific information about them...................
   Name of entity:                                    % of ownership:

| **Mesa Global Sales Inc** | **70%** | % | $0.00 |
| --- | --- | --- | --- |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
- ☑ No
- ☐ Yes. Give specific information about them
   Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
- ☑ No
- ☐ Yes. List each account separately.
   Type of account:            Institution name:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1     **Eugene Martin Huapaya**                                           Case number *(if known)*     **8:18-bk-10566 ES**

---

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes. .....................                  Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

                                            _____

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
         benefits; unpaid loans you made to someone else

☑ No
☐ Yes.  Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value.

                 Company name:                       Beneficiary:                     Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes.  Give specific information...

---

Official Form 106A/B                  Schedule A/B: Property                  page 5

| Debtor 1 | **Eugene Martin Huapaya** | | Case number *(if known)* | **8:18-bk-10566 ES** |
|---|---|---|---|---|

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   - ■ No
   - ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   - ■ No
   - ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
   - ■ No
   - ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................................

|  | **$3,290.00** |
|---|---|

**Part 5:**     Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   - ■ No. Go to Part 6.
   - ☐ Yes.  Go to line 38.

**Part 6:**     Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   - ■ No. Go to Part 7.
   - ☐ Yes.  Go to line 47.

**Part 7:**     Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
   - ■ No
   - ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

|  | **$0.00** |
|---|---|

**Part 8:**     List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. **Part 1: Total real estate, line 2** ......................................................................................... | | **$2,053,000.00** |
| 56. **Part 2: Total vehicles, line 5** | **$60,888.00** | |
| 57. **Part 3: Total personal and household items, line 15** | **$15,500.00** | |
| 58. **Part 4: Total financial assets, line 36** | **$3,290.00** | |
| 59. **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. **Part 7: Total other property not listed, line 54**          + | **$0.00** | |
| 62. **Total personal property.** Add lines 56 through 61... | **$79,678.00** | Copy personal property total  **$79,678.00** |
| 63. **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$2,132,678.00** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:18-bk-10566 ES** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                          4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **10522 Brier Lane Santa Ana, CA 92705-1506  Orange County**  Line from *Schedule A/B*: **1.1** | $2,050,000.00 | ☑ $175,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2014 Nissan Altima 35000 miles**  Line from *Schedule A/B*: **3.1** | $21,000.00 | ☑ $2,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **2017  Hyundai Genesis 80 12000 miles**  Line from *Schedule A/B*: **3.2** | $39,888.00 | ☑ $1,050.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Household Goods & Furnishings**  Line from *Schedule A/B*: **6.1** | $10,000.00 | ☑ $10,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Books Records & Pictures**  Line from *Schedule A/B*: **8.1** | $500.00 | ☑ $500.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Exhibit A Page 22

Debtor 1    **Eugene Martin Huapaya**

Case number (if known)    **8:18-bk-10566 ES**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Wearing Apparel**<br>Line from *Schedule A/B*: **11.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Jewelry**<br>Line from *Schedule A/B*: **12.1** | $3,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Cash on Hand**<br>Line from *Schedule A/B*: **16.1** | $120.00 | ■ $120.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.070 |
| **Bank of the West checking & Savings**<br>Line from *Schedule A/B*: **17.1** | $3,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.080 |
| **Bank of the West checking & Savings**<br>Line from *Schedule A/B*: **17.1** | $3,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.070 |
| **Bank of West**<br>Line from *Schedule A/B*: **17.2** | $170.00 | ■ $170.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.080 |

3.   **Are you claiming a homestead exemption of more than $160,375?**
     (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

☐    No

■    Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ■    No

   ☐    Yes

Official Form 106C     **Schedule C: The Property You Claim as Exempt**     page 2 of 2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name _____ Middle Name _____ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name _____ Middle Name _____ Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:18-bk-10566 ES** |
| (if known) | |

☐ Check if this is an
  amended filing

<u>Official Form 106D</u>
## Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1** **Genesis Finance**
Creditor's Name

PO Box 660891
Dallas, TX 75266
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a
  community debt**

Date debt was incurred   **1/17**

Describe the property that secures the claim:   **$0.00**   **$39,888.00**   **$0.00**

**2017  Hyundai Genesis 80 12000
miles**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
  car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Auto Lease**

Last 4 digits of account number   **1362**

---

**2.2** **Nissan Motor
Acceptance Corp**
Creditor's Name

NMAC Bankruptcy
Department
PO Box 660366
Dallas, TX 75266-0366
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a
  community debt**

Date debt was incurred   **2/15**

Describe the property that secures the claim:   **$21,635.00**   **$21,000.00**   **$635.00**

**2014 Nissan Altima 35000 miles**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
  car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Purchase Money Security**

Last 4 digits of account number   **0001**

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Exhibit A Page 24

| Debtor 1 | **Eugene Martin Huapaya** | | | Case number (if know) | **8:18-bk-10566 ES** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| 2.3 | **Quality Loan Service Corp** | | $0.00 | $2,050,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**411 Ivy Street
Suite 1720
San Diego, CA 92101**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**10522 Brier Lane Santa Ana, CA 92705-1506  Orange County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Foreclosure Agent**

Date debt was incurred _____   Last 4 digits of account number   **2011**

---

| 2.4 | **Timothy Love** | | $60,000.00 | $2,050,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**C/O Joseph C. Rosenblat
1370 N. Brea Road
Suite 235
Fullerton, CA 92835**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**10522 Brier Lane Santa Ana, CA 92705-1506  Orange County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
■ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred _____   Last 4 digits of account number   **2270**

---

| 2.5 | **Wells Fargo** | | $1,274,576.00 | $2,050,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**PO Box 10347
Des Moines, IA
50306-0347**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**10522 Brier Lane Santa Ana, CA 92705-1506  Orange County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **First Mortgage**

Date debt was incurred _____   Last 4 digits of account number   **9404**

---

Official Form 106D      Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**      page 2 of 3

Debtor 1   **Eugene Martin Huapaya**

First Name          Middle Name          Last Name

Case number (if know)   **8:18-bk-10566 ES**

| | |
|---|---|
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | $1,356,211.00 |
| **If this is the last page of your form, add the dollar value totals from all pages.** **Write that number here:** | $1,356,211.00 |

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name                    Middle Name                    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name                    Middle Name                    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:18-bk-10566 ES** |
| (if known) | |

☐ Check if this is an
   amended filing

Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

**1.   Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☐ Yes.

**2.   List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

| **2.1** | **Internal Revenue Service** | Last 4 digits of account number | **9592** | **$22,506.00** | **$22,506.00** | **$0.00** |
|---|---|---|---|---|---|---|

Priority Creditor's Name

**Centralized Insolvency
Operations
PO Box 7346
Philadelphia, PA 19114**

When was the debt incurred?    **2014 & 2016**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of PRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**

☐ Domestic support obligations

**Is the claim subject to offset?**

■ Taxes and certain other debts you owe the government

■ No

☐ Claims for death or personal injury while you were intoxicated

☐ Yes

☐ Other. Specify        **Tax Year 2014 & 2016**

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

**3.   Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

**4.   List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Debtor 1  **Eugene Martin Huapaya**                                    Case number (if know)    **8:18-bk-10566 ES**

---

| 4.1 | **Capital One** | Last 4 digits of account number | **7805** | **$3,695.00** |

Nonpriority Creditor's Name
**PO Box 30285**
**Salt Lake City, UT 84130-0285**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Line**

---

| 4.2 | **Comenity/Lending Club** | Last 4 digits of account number | **8097** | **$1,783.00** |

Nonpriority Creditor's Name
**71 Stevenson, Ste 300**
**San Francisco, CA 94105**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Line**

---

| 4.3 | **Credit One Bank** | Last 4 digits of account number | **4796** | **$716.00** |

Nonpriority Creditor's Name
**PO Box 98873**
**Las Vegas, NV 89193**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Line**

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1  **Eugene Martin Huapaya**                                    Case number (if know)    **8:18-bk-10566 ES**

| 4.4 | **ED Scheck** | | | $0.00 |

Nonpriority Creditor's Name

**PO Box 11**
**Balboa Island, CA 92662**

Number Street City State Zip Code

**Last 4 digits of account number** _____

**When was the debt incurred?** _____

**Who incurred the debt? Check one.**

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☑ Debtor 1 only
- ☐ Unliquidated
- ☐ Debtor 2 only
- ☐ Disputed
- ☐ Debtor 1 and Debtor 2 only

**Type of NONPRIORITY unsecured claim:**
- ☐ At least one of the debtors and another
- ☐ Student loans
- ☐ **Check if this claim is for a community debt**
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ No
- ☑ Other. Specify _____
- ☐ Yes

| 4.5 | **Federal Loan Serving** | Last 4 digits of account number | **0002** | $41,463.00 |

Nonpriority Creditor's Name

**PO Box 60610**
**Harrisburg, PA 17106**

Number Street City State Zip Code

**When was the debt incurred?** **8/13**

**Who incurred the debt? Check one.**

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☑ Debtor 1 only
- ☐ Unliquidated
- ☐ Debtor 2 only
- ☐ Disputed
- ☐ Debtor 1 and Debtor 2 only

**Type of NONPRIORITY unsecured claim:**
- ☐ At least one of the debtors and another
- ☑ Student loans
- ☐ **Check if this claim is for a community debt**
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ No
- ☐ Other. Specify _____
- ☐ Yes

**Student Loan**

| 4.6 | **Lucky Confections, Inc** | Last 4 digits of account number | | $5,000.00 |

Nonpriority Creditor's Name

**9701 Panamerican Drive, Ste. H**
**El Paso, TX 79927**

Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt? Check one.**

**As of the date you file, the claim is: Check all that apply**

- ☐ Contingent
- ☑ Debtor 1 only
- ☐ Unliquidated
- ☐ Debtor 2 only
- ☐ Disputed
- ☐ Debtor 1 and Debtor 2 only

**Type of NONPRIORITY unsecured claim:**
- ☐ At least one of the debtors and another
- ☐ Student loans
- ☐ **Check if this claim is for a community debt**
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ No
- ☑ Other. Specify **Advances**
- ☐ Yes

| Debtor 1 | **Eugene Martin Huapaya** | | Case number (if know) | **8:18-bk-10566 ES** |

---

| 4.7 | **Nordstron TD  Bank** | Last 4 digits of account number | **6638** | **$6,966.00** |

Nonpriority Creditor's Name

**PO Box 13589**
**Scottsdale, AZ 35267-3589**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Credit Line**

---

| 4.8 | **US Department of Education** | Last 4 digits of account number | | **$0.00** |

Nonpriority Creditor's Name

**C/O Fedloan Servicing**
**PO Box 69184**
**Harrisburg, PA 17106-9184**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify   **Duplicate**

---

| **Part 3:** | List Others to Be Notified About a Debt That You Already Listed |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | Add the Amounts for Each Type of Unsecured Claim |

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | **0.00** |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | **22,506.00** |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | **0.00** |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | **0.00** |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | **22,506.00** |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | **41,463.00** |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | **0.00** |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | **0.00** |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | |

---

Debtor 1   **Eugene Martin Huapaya**                         Case number (if know)   **8:18-bk-10566 ES**

here.                                                                        18,160.00

6j.   **Total Nonpriority.** Add lines 6f through 6i.          6j.   $          59,623.00

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name            Middle Name            Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 8:18-bk-10566 ES |
| (if known) | |

☐ Check if this is an
   amended filing

Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any
additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for
    example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts
    and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| 2.1    **Genesis Finance**<br>**PO Box 660891**<br>**Dallas, TX 75266** | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Exhibit A Page 32

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

</td></tr>
<tr><td>

Debtor 1

</td><td>

**Eugene Martin Huapaya**
First Name            Middle Name            Last Name

</td></tr>
<tr><td>

Debtor 2
(Spouse if, filing)

</td><td>

First Name            Middle Name            Last Name

</td></tr>
<tr><td>

United States Bankruptcy Court for the:

</td><td>

CENTRAL DISTRICT OF CALIFORNIA

</td></tr>
<tr><td>

Case number
(if known)

</td><td>

8:18-bk-10566 ES

</td></tr>
</table>

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                    12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☐ No
      ■ Yes.

      In which community state or territory did you live?    __-NONE-__ . Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent
      Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number       Street<br>City                State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number       Street<br>City                State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Exhibit A Page 33

| Fill in this information to identify your case: |
| --- |

Debtor 1    __Eugene Martin Huapaya__

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    __8:18-bk-10566 ES__
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income      12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| 1. | **Fill in your employment information.** | | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- | --- | --- |
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☐ Employed<br>■ Not employed | ■ Employed<br>☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | **Occupation** | | |
| | | **Employer's name** | | |
| | Occupation may include student or homemaker, if it applies. | **Employer's address** | | |
| | | **How long employed there?** | | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- | --- |
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $    0.00 | $    0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$    0.00 | +$    0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $    0.00 | $    0.00 |

Debtor 1    **Eugene Martin Huapaya**                                    Case number (*if known*)   **8:18-bk-10566 ES**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | | $ 0.00 |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ 0.00 | + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ 0.00    $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 0.00    $ 0.00

8. **List all other income regularly received:**

| | | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 2,650.60 | | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | | $ 0.00 |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 | + | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ 2,650.60    $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ 2,650.60   +   $ 0.00   =   $ 2,650.60
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                          11.   +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies                                                       12.   $ 2,650.60

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Eugene Martin Huapaya |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | 8:18-bk-10566 ES |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ■ No

    Do not list Debtor 1 and    ☐ Yes.   Fill out this information for
    Debtor 2.                              each dependent..............

    Do not state the
    dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ **6,901.00**

    **If not included in line 4:**

    4a.   Real estate taxes    4a. $ **0.00**
    4b.   Property, homeowner's, or renter's insurance    4b. $ **290.00**
    4c.   Home maintenance, repair, and upkeep expenses    4c. $ **250.00**
    4d.   Homeowner's association or condominium dues    4d. $ **0.00**
5.  **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

Exhibit A Page 36

| Debtor 1 | **Eugene Martin Huapaya** | Case number (if known) | **8:18-bk-10566 ES** |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | **345.00** |
| | 6b. Water, sewer, garbage collection | 6b. | $ | **290.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **165.00** |
| | 6d. Other. Specify: **Direct TV** | 6d. | $ | **150.00** |
| | **Trash** | | $ | **80.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **700.00** |
| 8. | **Childcare and children's education costs** | 8. | $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **180.00** |
| 10. | **Personal care products and services** | 10. | $ | **60.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | **340.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | **0.00** |
| | 15b. Health insurance | 15b. | $ | **0.00** |
| | 15c. Vehicle insurance | 15c. | $ | **260.00** |
| | 15d. Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | **658.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | **501.00** |
| | 17c. Other. Specify: | 17c. | $ | **0.00** |
| | 17d. Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | **2,000.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. Mortgages on other property | 20a. | $ | **0.00** |
| | 20b. Real estate taxes | 20b. | $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify: | 21. | +$ | **0.00** |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **13,370.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **13,370.00** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **2,650.60** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | **13,370.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | **-10,719.40** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.  Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eugene Martin Huapaya** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:18-bk-10566 ES |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____

Eugene Martin Huapaya    Signature of Debtor 2
Signature of Debtor 1

Date  3/6/2018    Date _____

Official Form 106Dec            Declaration About an Individual Debtor's Schedules

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Eugene Martin Huapaya |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:18-bk-10566 ES |

☐ Check if this is an amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1. **What is your current marital status?**

   ☐ Married
   ■ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

   | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
   |---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

   | | Debtor 1<br>Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Debtor 2<br>Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
   | | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1    **Eugene Martin Huapaya**                                              Case number *(if known)*    **8:18-bk-10566 ES**

|  | **Debtor 1**<br>**Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and<br>exclusions) | **Debtor 2**<br>**Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions) |
|---|---|---|---|---|
| **For last calendar year:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | $127,200.00 | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business |  |
| **For the calendar year before that:**<br>(January 1 to December 31, 2016 ) | ■ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | $290,473.00 | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business |  |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

|  | **Debtor 1**<br>**Sources of income**<br>Describe below. | **Gross income from**<br>**each source**<br>(before deductions and<br>exclusions) | **Debtor 2**<br>**Sources of income**<br>Describe below. | **Gross income**<br>(before deductions<br>and exclusions) |
|---|---|---|---|---|
| **From January 1 of current year until**<br>**the date you filed for bankruptcy:** | Social Security | $5,302.00 |  |  |
| **For last calendar year:**<br>(January 1 to December 31, 2017 ) | Social Security | $18,550.00 |  |  |
|  | Unemployment | $5,850.00 |  |  |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ☐ No.    Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes.    Debtor 1 or Debtor 2 or both have primarily consumer debts.
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount<br>paid | Amount you<br>still owe | Was this payment for ... |
|---|---|---|---|---|

Exhibit A Page 40

Debtor 1    **Eugene Martin Huapaya**                                          Case number (if known)    **8:18-bk-10566 ES**

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
    |---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
    |---|---|---|---|---|

**Part 4:**    **Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ■ No
    ☐ Yes. Fill in the details.

    | Case title Case number | Nature of the case | Court or agency | Status of the case |
    |---|---|---|---|

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☐ No. Go to line 11.
    ■ Yes. Fill in the information below.

    | Creditor Name and Address | Describe the Property | Date | Value of the property |
    |---|---|---|---|
    | | Explain what happened | | |
    | Quality Loan Service Corp<br>411 Ivy Street<br>Suite 1720<br>San Diego, CA 92101 | SFR Located at 10522 Brier Lane, Santa Ana, CA. 92705-1506<br>$1,599,000.00 | | $1,599,000.00 |
    | | ☐ Property was repossessed.<br>■ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized or levied. | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
    ■ No
    ☐ Yes. Fill in the details.

    | Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
    |---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
    ■ No
    ☐ Yes

---

Official Form 107                Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 3

Debtor 1    **Eugene Martin Huapaya**                                      Case number (if known)    **8:18-bk-10566 ES**

| **Part 5:** | **List Certain Gifts and Contributions** |

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
- ■ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

**Person to Whom You Gave the Gift and Address:**

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
- ■ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

**Charity's Name**
**Address** (Number, Street, City, State and ZIP Code)

| **Part 6:** | **List Certain Losses** |

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**
- ■ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

| **Part 7:** | **List Certain Payments or Transfers** |

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Weber Firman<br>1503 South Coast Drive<br>Suite 209<br>Costa Mesa, CA 92626 | Attorney Fees | 2/20/18 | $2,165.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Debtor 1    Eugene Martin Huapaya                                    Case number (if known)    8:18-bk-10566 ES

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person's relationship to you | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or

Debtor 1    **Eugene Martin Huapaya** _____    Case number *(if known)*    **8:18-bk-10566 ES**

toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■    *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■    *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.   **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■    No
☐    Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.   **Have you notified any governmental unit of any release of hazardous material?**

■    No
☐    Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.   **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■    No
☐    Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27.   **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐    A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐    A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐    A partner in a partnership

☐    An officer, director, or managing executive of a corporation

☐    An owner of at least 5% of the voting or equity securities of a corporation

☐    No. None of the above applies. Go to Part 12.

■    Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| Mesa Global Sales, Inc | Sales | EIN:<br><br>From-To    1/30/18 to Present |

Exhibit A Page 44

Debtor 1    Eugene Martin Huapaya _____    Case number (if known)   8:18-bk-10566 ES

28.  **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name | Date Issued |
| --- | --- |
| **Address** | |
| **(Number, Street, City, State and ZIP Code)** | |

| **Part 12:** | **Sign Below** |
| --- | --- |

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____                    _____
Eugene Martin Huapaya                                         Signature of Debtor 2
Signature of Debtor 1

Date     3/6/2018 _____                    Date    _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Exhibit A Page 45

Fill in this information to identify your case:

Fill in this information to identify your case:

| Debtor 1 | **Eugene Martin Huapaya** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **8:18-bk-10566 ES** | | |
| (if known) | | | |

☐ Check if this is an amended filing

# Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Genesis Finance** <br><br> Description of property securing debt: **2017 Hyundai Genesis 80 12000 miles** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ■ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ☐ No <br><br> ■ Yes |
| Creditor's name: **Nissan Motor Acceptance Corp** <br><br> Description of property securing debt: **2014 Nissan Altima 35000 miles** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ■ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ☐ No <br><br> ■ Yes |
| Creditor's name: **Wells Fargo** <br><br> Description of property securing debt: **10522 Brier Lane Santa Ana, CA 92705-1506 Orange County** | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ■ Retain the property and [explain]: | ☐ No <br><br> ■ Yes |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Exhibit A Page 46

Debtor 1   **Eugene Martin Huapaya**                                    Case number *(if known)*   **8:18-bk-10566 ES**

securing debt:                                    **Continue to Make Payments**

| Part 2: | List Your Unexpired Personal Property Leases |

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill
in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended.
You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |

Lessor's name:     **Genesis Finance**                                    ☐ No

                                                                          ■ Yes

Description of leased
Property:

| Part 3: | Sign Below |

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X _____          X _____
Eugene Martin Huapaya                        Signature of Debtor 2
Signature of Debtor 1

Date _____3/8/2018_____                       Date _____


Official Form 108              **Statement of Intention for Individuals Filing Under Chapter 7**                  page 2

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|

**Debtor 1** Eugene Martin Huapaya

**Debtor 2**
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

**Case number**  8:18-bk-10566 ES
(if known)

■ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

**1. What is your marital and filing status?** Check one only.

■ **Not married.** Fill out Column A, lines 2-11.

☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case, 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| **2.** | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 416.00 | $ |
| **3.** | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| **4.** | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

**5. Net income from operating a business, profession, or farm**

|  | Debtor 1 |  |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 |  |  |  |
| Ordinary and necessary operating expenses | –$ 0.00 |  |  |  |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ | 0.00 | $ |

**6. Net income from rental and other real property**

|  | Debtor 1 |  |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 |  |  |  |
| Ordinary and necessary operating expenses | –$ 0.00 |  |  |  |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ | 0.00 | $ |

**7. Interest, dividends, and royalties**  |  |  | $ 0.00 | $ |

---

Official Form 122A-1                **Chapter 7 Statement of Your Current Monthly Income**                page 1

Exhibit A Page 48

Debtor 1    **Eugene Martin Huapaya** _____    Case number *(if known)*    **8:18-bk-10566 ES**

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation** | $    308.00 | $ _____ |
| Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
| For you | $    0.00 | |
| For your spouse | $ _____ | |
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $    0.00 | $ _____ |
| 10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below. | | |
| _____ | $    0.00 | $ _____ |
| _____ | $    0.00 | $ _____ |
| Total amounts from separate pages, if any. | + $    0.00 | $ _____ |
| 11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $    724.00 | + $ _____ = $    724.00 |

**Total current monthly income**

| Part 2: | Determine Whether the Means Test Applies to You |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

    12a. Copy your total current monthly income from line 11 _____ Copy line 11 here=>    $    724.00

    Multiply by 12 (the number of months in a year)      x 12

    12b. The result is your annual income for this part of the form    12b.   $    8,688.00

13. **Calculate the median family income that applies to you.** Follow these steps:

    Fill in the state in which you live.     **CA**

    Fill in the number of people in your household.     **1**

    Fill in the median family income for your state and size of household.    13.   $    53,644.00
    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

    14a.   ■   Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
           Go to Part 3.
    14b.   ☐   Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
           Go to Part 3 and fill out Form 122A-2.

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____

    Eugene Martin Huapaya
    Signature of Debtor 1

Date   **03/06/2018**
    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

**Exhibit "B"**

553 Fed.Appx. 598 (Mem)
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
.Sixth Circuit Rule 28. (Find CTA6 Rule 28)
United States Court of Appeals,
Sixth Circuit.

In re Dianne D. BALDRIDGE and
Joseph J. Baldridge, Debtors.
Joseph J. Baldridge and Dianne
D. Baldridge, Appellants,
v.
Douglas Stanley Ellmann,
Chapter 7 Trustee, Appellee.

No. 13–1700.
|
Feb. 3, 2014.

On Appeal from the United States District Court for the
Eastern District of Michigan.

BEFORE: ROGERS, McKEAGUE and WHITE,
Circuit Judges.

## OPINION

PER CURIAM.

This is an appeal from the district court's affirmance of
the bankruptcy court's disallowance of debtors' claimed
residence or homestead exemptions under 11 U.S.C.
§ 522(d)(1) in the aggregate amount of $21,600. The
bankruptcy court disallowed debtors' exemptions, first,
because their interests were subordinate to the two secured
creditors' mortgage liens, which were not fully satisfied by
the proceeds from the sale of the property. That is, there
were no residual proceeds from which debtors' exemptions
could be satisfied. The bankruptcy court also ruled that
the $28,000 closing costs recovered by the Trustee under
11 U.S.C. § 506(c) pursuant to the sales agreement did

not constitute equity in the property subject to debtors'
exemptions.

Debtors Joseph and Dianne Baldridge contend the
bankruptcy court erred by failing to recognize that
their foreclosure-related right of redemption under state
law was an equitable interest with value. They argue
the $28,000 recovered by the Trustee from the second
mortgage creditor, Fifth Third Bank, should be deemed
consideration for the surrender of debtors' right of
redemption. As such, debtors contend, the $28,000
recovered by the Trustee should be deemed property of the
estate subject to their claimed exemptions.

The record presents no dispute of fact. The district court's
affirmance of the bankruptcy court's disallowance of the
exemptions is a ruling on a matter of law which we review
de novo, *In re Darrohn,* 615 F.3d 470, 474 (6th Cir.2010),
without deference to the district court's analysis, *In re
Cook,* 457 F.3d 561, 565 (6th Cir.2006). Having duly
considered the district court's opinion and the bankruptcy
court's bench ruling, we find no error. Debtors' appellate
arguments fail to undermine the integrity of the lower
courts' reasoning in any way.

**\*599** The district court correctly held that the $28,000
"carve out" itself, recovered by the Trustee upon closing
the sale of debtors' property, was not part of the estate
that could be subject to debtors' exemptions at the
time the bankruptcy case was commenced. There is no
factual support for debtors' supposition—contrary to the
representations of both the Trustee and counsel for Fifth
Third Bank at the bankruptcy court hearing, and the
finding of the bankruptcy court—that the sum of $28,000
actually reflects the value of debtors' right of redemption
paid to the Trustee in exchange for his agreement to
waive the right. Nor is there any dispute that the Trustee
had the authority to waive the right of redemption as a
condition of the sale of the property. Further, irrespective
of the reason for which Fifth Third Bank agreed to
remit the $28,000 portion of its recovery to the Trustee,
it is undisputed that the net sale proceeds payable to
Fifth Third Bank after satisfaction of the debt owed
to the first mortgage creditor left a deficiency of over
$200,000 on the balance owed to Fifth Third Bank. Hence,
inasmuch as the sale proceeds were insufficient to satisfy
the prior obligations owed to the secured creditors, there

**In re Baldridge, 553 Fed.Appx. 598 (2014)**

was no residual equity in the property to which debtors' exemptions could attach. Debtors' novel arguments to the contrary lack both factual and legal support.

Accordingly, on de novo review, we find no error in the district court's affirmance of the bankruptcy court's ruling.

We therefore **AFFIRM** based on the reasoning in the district court's opinion.

### All Citations

553 Fed.Appx. 598 (Mem)

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3 MacArthur Place, Suite 760
Santa Ana, CA 92707

A true and correct copy of the foregoing document entitled (*specify*):  Notice of Motion and Motion for Order Compelling
Turnover of Real Property of the Estate, Requiring Vacating of Premises, and Allowing Trustee to Exercise All Legal
Remedies to Obtain Possession; Memorandum of Points and Authorities; Declaration of Weneta M.A. Kosmala in
Support Thereof
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/10/2018    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    10/10/2018    , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith
United States Bankruptcy Court
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/10/2018 | Janine Fountain | /s/ Janine Fountain |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
  wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Erin P Moriarty    emoriarty@kosmalalaw.com,
  wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Joseph A Weber    firmanweber@yahoo.com, centralservice.firmanweber@gmail.com
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**:
Eugene Martin Huapaya
10522 Brier Lane
Santa Ana, CA 92705

All Occupants residing at
10522 Brier Lane
Santa Ana, CA 92705

Nissan Motor Acceptance Corporation
c/o Stewart, Zlimen & Jungers, Ltd.
2860 Patton Road
Roseville, MN 55113

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**